United States District Court
Southern District of Texas
**ENTERED**
June 19, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EVERRETT LEE SANDERS, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-03509 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice–Correctional Institutions Division, | § § § § | |
| *Respondent.* | | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation. (Dkt. 3). The court recommends that respondent's motion for summary judgment (Dkt. 14) be granted and the petition be dismissed. The court further recommends that petitioner's motion for new trial or writ of habeas corpus (Dkt. 27) and motion to consider exhibits and testimony (Dkt. 28) be denied.

**Background**

On November 23, 2015, petitioner Charles Everett Lee Sanders pled guilty to the offenses of burglary of a habitation and theft.[1] In exchange for the plea, he was sentenced to eight years in prison for the burglary conviction,[2] and one year in prison for the theft

---

[1] Sanders was convicted of burglary of a habitation in case number 2015-0200M-CR-A (Dkt. 26-12 at 6) and of theft in case number 2015-0230M-CR-A (Dkt. 26-3 at 7). His petition for writ of habeas corpus challenges both convictions.

[2] Burglary of a habitation is a second degree felony with a sentencing range of two to twenty years.

conviction, served concurrently. He did not appeal his convictions.[3] Sanders filed two state applications for writs of habeas corpus on March 21, 2017 challenging both convictions.[4] Dkt 26-3 at 31-48, Dkt. 26-12 at 29-46. After an evidentiary hearing was held, the Texas Court of Criminal Appeals denied relief from the burglary conviction based on the findings of the trial court and without issuing a written order. It also dismissed the application for relief from the theft conviction because the sentence had already been discharged. Dkt. 26-1 at 1. Sanders filed his federal petition (Dkt. 1) on November 7, 2017.[5]

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996. Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] In his petition for writ of habeas corpus, Sanders completed the section requesting information on any petitions for discretionary review filed after a decision by the court of appeals, suggesting he had appealed his conviction. Dkt. 1 at 3. The information provided, however, referred to a state court application for writ of habeas corpus, and was not a direct appeal of his convictions. Sanders waived his right to appeal as part of his plea bargain. Dkt. 26-3 at 14-15.

[4] The prison mail box rule applies to a petitioner's filing of his state writ application for purposes of AEDPA tolling. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). March 21, 2017 is the date Sanders signed his state writ application, making that the earliest date he could have mailed it, and thus the earliest possible filing date. Dkt. 26-3 at 47. The postage mark is two days later, March 23, 2017. Dkt. 26-3 at 48.

[5] Dkt. 1 at 10. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (petition is filed on date it was placed in the prison mail system for purposes of determining applicability of AEDPA).

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Sanders' conviction became final on December 23, 2015, when his time to appeal his conviction expired. TEX. R. APP. P. 26.2(a)(1) (appeal must be filed "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.").[6] The statute of limitations under the AEDPA expired one year later, on December 23, 2016, unless it was tolled. Tolling of the limitations period may be appropriate during the pendency of an appeal,[7] or as a matter of equity. Sanders filed his state writs of habeas corpus on March 21, 2017 and they were denied on May 17, 2017 and October 18, 2017. Dkt 26-1, 26-8. Sanders' state habeas applications do not toll limitations because limitations had already expired before the state applications were filed. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Nor has Sanders shown that some extraordinary circumstance prevented him from filing a timely petition justifying the application of equitable tolling. Therefore, Sanders' federal petition filed on November 7, 2017, was ten and a half months late.

**Conclusion and Recommendations**

---

[6] Respondent notes that it is undetermined in the Fifth Circuit whether a judgement becomes final on the date a defendant enters a guilty plea when that plea includes the waiver of the right to appeal, rather than 30 days later as set out in Rule 26. Dkt. 25 at 7. Although the Fifth Circuit Court of Appeals has avoided answering this question, at least two district courts have concluded that the thirty day extension of Rule 26 applies even when the right to appeal has been waived. *See Cummings v. Davis*, No. 4:16-CV-786-A, 2017 WL 3971905 (N.D. Tex. Sept. 7, 2017); *Jackson v. Director*, No. 4:09-CV-338, 2010 WL 22096122 (E.D. Tex. May 11, 2010).

[7] 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Sanders' petition for writ of habeas corpus (Dkt. 1) contesting his conviction for burglary of a habitation (2015-0200M-CR-A) is barred by the statute of limitations under 28 U.S.C. § 2244(d)(1). Therefore, the court recommends that portion of his petition be denied with prejudice.

Sanders has fully served the one year sentence for theft and is no longer "in custody" for purposes of habeas jurisdiction. *See Carter v. Hardy,* 526 F.2d 314, 315 (5th Cir. 1976) ("Habeas corpus lies essentially to challenge illegal restraint; the writ is not available where the sentence challenged has been fully served and is not being used for enhancement purposes."). Therefore, the portion of his petition complaining of that conviction (2015-0230M-CR-A) should be dismissed for want of jurisdiction.

Sanders' motion for new trial (Dkt. 27) and motion to consider exhibits (Dkt. 28) re-urge the arguments made in his petition for habeas corpus. Therefore, the court recommends that these motions be denied.

Sanders has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas on June 18, 2018.

_____
Stephen Wm Smith
United States Magistrate Judge